Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| DIOSDADO GONZÁLEZ RIVERA  Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | KLRA202300517 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación  Sobre: Petición de *Mandamus* por Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Comparece ante nos, por derecho propio, la parte recurrente, Diosdado González Rivera, mediante un recurso intitulado *Mandamus*, el cual calificamos como una revisión judicial. En lo pertinente, solicita nuestra intervención a los fines de que le ordenemos a la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación emitir la respuesta correspondiente a su *Solicitud de Remedio Administrativo* presentada el 23 de mayo de 2023, recibida por la agencia el 5 de junio del mismo año.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

## I

El presente recurso tiene su génesis en una *Solicitud de Remedio Administrativo*, presentada por Diosdado González Rivera (González Rivera o recurrente) el 23 de mayo de 2023, recibida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, Institución Correccional Ponce Adultos 1000 (División de Remedios Administrativos), el 5 de junio del mismo año, dirigida

específicamente a la Secretaria del Departamento de Corrección y Rehabilitación Ana Escobar Pabón (Escobar Pabón).[1] En la misma, indicó que, el 27 de enero de 2023, fue trasladado de la Institución Correccional Ponce Principal a la Institución Correccional Ponce Adultos 1000. Alegó que, debido a dicho traslado, se interrumpió su plan institucional y se afectaron sus bonificaciones, ajustes, trabajo como barbero y progreso académico como estudiante becado en el programa de ingeniería electrónica de Caribbean University. Según adujo, la institución a la cual lo trasladaron estaba destinada para reclusos de custodia mediana y no albergaba a confinados clasificados con custodia mínima, a la cual pertenecía. Arguyó que la administración de la mencionada institución no quería mezclar en los salones de clase a los confinados de custodia mínima con los de custodia mediana –los cuales representaban un noventa y cinco por ciento (95%) de la población correccional–, razón por la cual no pudo comenzar a cursar su segundo trimestre universitario. Sostuvo que nunca se negó a recibir los servicios académicos y que perdió dicho trimestre por razones ajenas a su voluntad. Describió ser un estudiante comprometido con su plan institucional y afirmó mantener una excelente conducta, con un excelente ajuste y progreso en el área académica, así como laboral.

En su petitorio, González Rivera reiteró que no fue el culpable de perder su segundo trimestre universitario, por lo cual solicitó que se impartieran instrucciones al área de sociales para que se le otorgara la correspondiente bonificación por el tiempo de estudio perdido. Asimismo, solicitó que se le instruyera a la administración de la Institución Correccional Ponce Adultos 1000 en miras de buscar una alternativa o solución para poder recibir, en el trimestre de agosto de 2023, todos los servicios educativos que, por derecho, como confinado de custodia mínima, le correspondían. Por último, le pidió ayuda a Escobar Pabón para que su plan institucional no se viera afectado y solicitó que interviniera para

---

[1] Anejo 1 del recurso.

que su derecho a la educación, brindada por Caribbean University, no se viera afectado.

Transcurridos todos los términos reglamentarios para que la División de Remedios Administrativos respondiera la solicitud instada por González Rivera sin que esta lo hiciera, el 25 de septiembre de 2023, recibida el 3 de octubre del mismo año, el recurrente acudió ante nos mediante el recurso de epígrafe. A pesar de que la parte recurrente no planteó formalmente en su recurso ningún señalamiento de error, colegimos que, además de reiterar los reclamos esbozados en la referida solicitud, denunció el incumplimiento del organismo administrativo con la reglamentación aplicable al no emitir respuesta alguna a su petitorio pasado el término reglamentario correspondiente. Según alegó, habían transcurrido más de tres (3) meses desde que sometió su solicitud ante la agencia, tiempo que catalogó como "extremadamente razonable para contestar el mismo",[2] incumpliendo así con los términos establecidos por ley y reglamento.

Evaluado el recurso, el 23 de octubre de 2023, emitimos una *Resolución* en la cual le otorgamos un término de diez (10) días al Departamento de Corrección y Rehabilitación para que presentara su alegato. A su vez, le concedimos el mismo término a dicha agencia para que elevara una copia certificada del expediente administrativo en el caso de epígrafe.

El 3 de noviembre de 2023, la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación (recurrido), presentó una *Moción Informativa y en Solicitud de Término*. En esencia, solicitó un término adicional de veinte (20) días para presentar su alegato. Específicamente, informó que, desde el 26 de octubre de 2023, le había solicitado al Departamento de Corrección y Rehabilitación la copia certificada del expediente administrativo de epígrafe, pero no la había recibido. Atendido el petitorio, el 6 del mismo mes y año, le concedimos el término adicional solicitado.

---

[2] Véase, recurso intitulado *Mandamus*, pág. 5.

En cumplimiento con lo ordenado, el 27 de noviembre de 2023, compareció la parte recurrida por medio de *Escrito en Cumplimiento de Orden y Solicitud de Desestimación* y, a su vez, incluyó como Anejo I la copia certificada del expediente administrativo. En síntesis, alegó que el recurso de revisión instado por González Rivera era prematuro, toda vez que la determinación de la agencia fue emitida y notificada el 9 de noviembre de 2023, con posterioridad a la presentación del presente recurso.

Por su parte, el 16 de noviembre de 2023, recibida el 1 de diciembre del mismo año, la parte recurrente sometió una *Moción Informativa*. Indicó que, el 9 de noviembre de 2023, recibió en destiempo la respuesta a su *Solicitud de Remedio Administrativo*. Sostuvo que la funcionaria que emitió dicha contestación, la técnica sociopenal Marline Torres Santiago (Torres Santiago), no era la persona que le correspondía atender su solicitud, ya que esta última fue exclusivamente dirigida a Escobar Pabón. Arguyó que Torres Santiago había mentido en la *Respuesta al Miembro de la Población Correccional*. Sobre ese particular, adujo que, en enero de 2023, fue rematriculado en el curso de ingeniería electrónica ofrecido por Caribbean University, tanto en la institución donde se encontraba previamente como a la que fue trasladado. Planteó que en ningún momento había sido entrevistado por la referida universidad, ni había hablado con un funcionario o gerencial de dicha institución para ser evaluado con el fin de decidir si continuaba sus estudios o si se daba de baja. A esos efectos, solicitó que se citara a Caribbean University para que sometiera evidencia de la asistencia de los profesores que impartían el curso, así como la de los estudiantes que lo tomaban, para demostrar que, desde la fecha en que fue trasladado a la Institución Correccional Ponce Adultos 1000, seguían ofreciendo el curso. Por otro lado, informó que, en desacuerdo, presentó una solicitud de reconsideración ante la agencia.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

## A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 8, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 2023 TSPR 50, 211 DPR ___ (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *FCPR v. ELA et al.*, supra.

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Un recurso tardío es el que se presenta pasado el

término provisto para recurrir. *Íd.*; *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). Al igual que un recurso presentado tardíamente, un recurso prematuro adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra. Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

La Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 57, establece que el término para presentar el recurso de revisión será dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. De otro lado, el mismo Reglamento en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

**B**

El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar las determinaciones administrativas es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. PROSOL et als.*, 2022 TSPR 139, 210 DPR __ (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014), citando a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010). Ahora bien, el Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24y(c), solo autoriza al Tribunal de Apelaciones a revisar las **órdenes o resoluciones finales** emitidas por organismos o agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023). Una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y **pone fin a la controversia ante la agencia, sin dejar asunto pendiente alguno**. *Bird Const. Corp. v. A.E.E.*, 152 DPR 928, 935-936 (2000); *J. Exam. Tec. Med. v. Elías et al.*, 144 DPR

483, 490 (1997). De otro lado, una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. No obstante, la disposición interlocutoria del organismo administrativo podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. *Íd.* Así, pues, el sistema propende a agotar, en primera instancia, los remedios provistos a nivel administrativo. Luego, interviene el foro judicial para revisar las determinaciones de las agencias.

Cónsono con ello, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […]. (Énfasis nuestro).

> […]

> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.

> La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea [e]sta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de este capítulo.

A tenor con ello, los factores que operan a favor de preterir la doctrina de agotamiento de remedios y, a su vez, la exigencia de finalidad de las órdenes o resoluciones administrativas recurridas, son las siguientes: (1) cuando dar curso a la acción administrativa cause un daño inminente, material, sustancial y no teórico o especulativo; (2) cuando el remedio administrativo constituya una gestión inútil, inefectiva y que no

ofrezca un remedio adecuado; (3) cuando la agencia claramente no tenga jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o (4) cuando el asunto es estrictamente de derecho. *ORIL v. El Farmer, Inc.*, 204 DPR 229, 240 (2020).

En lo pertinente al caso de autos, la LPAU no define expresamente el término *orden o resolución final*. No obstante, el referido estatuto contiene una descripción de lo que la orden o resolución tiene que incluir para considerarse como final. Sobre ese particular, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que una orden o resolución final debe incluir determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación, así como la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.

**C**

El *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, Reglamento Núm. 8583, 4 de mayo de 2015 (Reglamento Núm. 8583), dispone sobre el procedimiento para atender las solicitudes de remedios presentadas por las personas recluidas en las instituciones correccionales de Puerto Rico, las cuales se atenderán ante la División de Remedios Administrativos. La citada reglamentación establece la política pública para que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, para su atención, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, así como para evitar o reducir la radicación de pleitos en los Tribunales de Justicia. Introducción, Reglamento Núm. 8583, *supra*. En esencia, se establece todo un andamiaje procesal para la radicación de solicitudes de remedios administrativos ante la División de Remedios Administrativos de la institución penal correspondiente, dentro de los contornos de la jurisdicción delineada en la reglamentación.

El Reglamento Núm. 8583, *supra*, impone responsabilidades, tanto a los miembros de la población correccional, como a los funcionarios que intervienen en este procedimiento. La Regla VII de dicho cuerpo reglamentario dispone que las personas confinadas deben presentar sus solicitudes en forma clara, concisa, honesta y de buena fe. En cuanto a las personas empleadas, la Regla VIII establece la obligación de estas de observar la implantación de la reglamentación. Incluso, advierte el ordenamiento que, si se provee intencionalmente información falsa o incompleta, ello podrá servir de base para acciones disciplinarias contra la persona funcionaria. Regla VIII(2) del Reglamento Núm. 8583, *supra*. En ese contexto, cabe resaltar que, **toda persona empleada que incurra en violación a las normas establecidas en el citado reglamento podrá estar sujeta a la imposición de medidas disciplinarias**. Regla XXI del Reglamento Núm. 8583, *supra*.

Cónsono con lo anterior, en su tercer y cuarto inciso, la Regla VIII del Reglamento Núm. 8583, *supra*, dispone lo siguiente:

> El superintendente de la institución, encargado del Hogar de Adaptación Social, coordinador del Centro de Tratamiento Residencial, supervisor del área concernida, Director Médico y supervisor de servicios de alimentos serán responsables de que todo el personal bajo su supervisión cumpla con todas las disposiciones y términos del presente Reglamento. **De no cumplirse con el término reglamentario para emitir respuesta a la solicitud de remedio, se emitirá una notificación de vencimiento al término reglamentario para que tome acción en siete (7) días laborables**. De no recibirse la respuesta en el término dispuesto, se le enviará copia al Coordinador quien[,] a su vez[,] remitirá la copia al Jefe de Programas del Negociado de Instituciones Correccionales en Nivel Central. [E]ste notificará al Director Regional por conducto del Secretario Auxiliar en Programas y Servicios sobre el incumplimiento del Reglamento.
>
> **El incumplimiento de este Reglamento será notificado [a la] Secretari[a] del Departamento de Corrección y Rehabilitación, por conducto del Secretario Auxiliar en Programas de Servicios, para que actúe conforme al Manual de Medidas Disciplinarias para Empleados del Departamento de Corrección y Rehabilitación**. Regla VIII(3)(4) del Reglamento Núm. 8583, *supra*. (Énfasis nuestro).

Por otro lado, cuando el miembro de la población correccional radique su solicitud de remedio administrativo, la correspondiente persona

evaluadora referirá dicho petitorio al superintendente de la institución, encargado del Hogar de Adaptación Social, Director Médico o al coordinador del Centro de Tratamiento Residencial en un término no mayor de quince (15) días laborables a partir del recibo de esta. Regla XII(6) del Reglamento Núm. 8583, *supra*. **La persona evaluadora utilizará todos los procedimientos que estime necesarios para la obtención de la información requerida para brindar una respuesta adecuada al miembro de la población correccional**. Regla XIII(1) del Reglamento Núm. 8583, *supra*.

**Será obligación del superintendente de la institución**, encargado del Hogar de Adaptación Social, coordinador del Centro de Tratamiento Residencial, director médico o supervisor de servicios de alimentos, **dar seguimiento a las áreas pertinentes para que le respondan sobre las alegaciones vertidas en la solicitud y poder cumplir con el término de quince (15) días laborables desde que fue notificado por escrito**. Regla XIII(2) del Reglamento Núm. 8583, *supra*. La respuesta al petitorio no podrá ser realizada por una persona empleada que haya estado involucrada en la situación planteada, sino que deberá ser emitida por la persona supervisora inmediata. *Íd*. **Una vez la persona evaluadora recibe la información requerida, contestará y entregará por escrito la respuesta al miembro de la población correccional dentro del término de veinte (20) días laborables**. Regla XIII(4) del Reglamento Núm. 8583, *supra*. Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar su revisión mediante un escrito de reconsideración presentado ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta. Regla XIV(1) del Reglamento Núm. 8583, *supra*.

El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la notificación de la resolución de reconsideración, emitida por el

Coordinador de Remedios Administrativos, o noventa (90) días a partir de la radicación de la solicitud de reconsideración acogida, si la agencia no actúa conforme a esta. Regla XV del Reglamento Núm. 8583, *supra*.

Esbozada la norma jurídica, procedemos a disponer del recurso ante nos.

**III**

La parte recurrente sostiene que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación incidió al no emitir oportunamente la respuesta correspondiente a su *Solicitud de Remedio Administrativo*. Sobre ese particular, argumenta que, aun cuando solicitó un remedio administrativo ante dicha agencia, habían pasado tres (3) meses sin recibir ningún tipo de respuesta, incumpliendo así con los términos establecidos por ley y en el Reglamento Núm. 8583, *supra*. A su vez, reitera los reclamos esbozados en dicho petitorio. En específico, indica que, desde el 27 de enero de 2023, ha confrontado problemas e interrupción con su plan institucional a causa del traslado arbitrario a una institución penal de custodia mediana. Plantea que dicha institución no provee los beneficios, privilegios y servicios que le corresponden por ser de custodia mínima. Aduce que ello afecta el área académica, laboral y sus bonificaciones, ya que los servicios, beneficios y privilegios disponibles en una institución mediana son limitados.

Por otro lado, la parte recurrida alega que el presente recurso de revisión judicial es prematuro porque la determinación de la agencia fue emitida y notificada el 9 de noviembre de 2023, con posterioridad a la presentación del recurso. Por ello, solicita la desestimación de este.

Somos conscientes de la realidad de las personas reclusas que litigan sus causas por derecho propio y de la atención particular que merecen estos casos; ello, pues, la pérdida de la libertad física tiene el potencial de constituir uno de los escenarios de mayor vulnerabilidad en cualquier sociedad. Es decir, las consecuencias propias del confinamiento, en términos del acceso a la justicia, limita significativamente la capacidad

que tiene una persona de hacer reclamos cuando entiende que le han vulnerado sus derechos. L.F. Estrella Martínez, *Acceso a la Justicia: Derecho Humano Fundamental*, San Juan, PR, Ed. Situm, Inc., 2017, pág. 353 (2017). Por tal razón, la litigación por derecho propio de las personas confinadas en las cárceles del país nos exige un cuidado especial al momento de acreditar nuestra jurisdicción, pues generalmente ellos carecen de una representación legal adecuada y oportuna que los oriente sobre aspectos jurisdiccionales, así como estos dependen de los funcionarios custodios para tramitar sus reclamos. *Íd.*

En ese sentido, no se trata de despreciar la rigidez de los plazos jurisdiccionales, sino de reconocer la situación particular de confinamiento que les obliga a depender de los propios custodios para hacer llegar sus reclamos a las personas y organismos que tomarán las decisiones finales. A tenor con lo anterior, el Reglamento de este Tribunal tiene el propósito cardinal de impartir justicia y proveer acceso a la ciudadanía para que atendamos sus reclamos de manera justa y efectiva. Regla 2 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 2. Ahora bien, sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Así, este Foro debe expresarse, en primer lugar, sobre el escollo jurisdiccional que tiene ante su consideración.

El recurso que nos ocupa fue presentado el 25 de septiembre de 2023, recibido en la Secretaría de este Tribunal el 3 de octubre del mismo año. A la fecha de presentación, la respuesta a la *Solicitud de Remedio Administrativo*, sometida por el recurrente el 23 de mayo de 2023, se encontraba pendiente de consideración por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. Por consiguiente, el recurso presentado ante esta Curia es uno prematuro, privándonos así de jurisdicción para atenderlo en los méritos.

Entendemos por prematuro, lo que ocurre antes de tiempo. En el ámbito procesal, una revisión judicial o recurso prematuro es aquel presentado en la Secretaría de un Tribunal Apelativo antes de que este tenga jurisdicción. Una revisión judicial prematura sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción. Independientemente de los méritos que pueda tener un recurso presentado ante esta Curia, en ausencia de jurisdicción, lo único que podemos hacer es así declararlo. Después de todo, ante un recurso de revisión judicial, la determinación final de la agencia correspondiente es necesaria para acudir ante un tribunal de mayor jerarquía. Según el precitado Reglamento Núm. 8583, *supra*, el trámite administrativo ante el Departamento de Corrección y Rehabilitación inicia cuando la persona confinada presenta una solicitud de remedio administrativo sobre cualquier asunto relacionado a su confinamiento. De estar inconforme con la respuesta de dicho organismo, la persona confinada debe solicitar la reconsideración y, consiguientemente, el cauce administrativo culmina con la determinación que haga la agencia. En consecuencia, de estar todavía en desacuerdo, la persona confinada entonces tiene a su disposición el remedio de la revisión judicial, el cual se manifiesta mediante un recurso presentado ante el Tribunal de Apelaciones.

Reconocemos que la parte apelante intituló su recurso *Mandamus* y que, esencialmente, el remedio que nos solicitó fue que le ordenáramos a la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación que emitiera la respuesta correspondiente a su reclamo, pasado el término reglamentario para ello. Sin embargo, el mecanismo adecuado para atender instancias relacionadas a las actuaciones de una agencia administrativa es la revisión judicial. Conforme nuestro ordenamiento jurídico, la revisión judicial tiene el propósito de garantizar, no solo que las agencias administrativas actúen dentro de los márgenes de aquellas facultades que le fueron delegadas, sino también que la ciudadanía tenga un foro al cual acudir para vindicar sus derechos y

obtener un remedio frente a las actuaciones de los organismos administrativos. Al amparo del principio de apertura de los tribunales y el derecho humano fundamental de acceso a la justicia, es la responsabilidad de los Foros revisores salvaguardar tales postulados y atender los casos en los méritos. Ello, con especial atención y sensibilidad a las realidades de aquellas personas que acuden a los tribunales en busca de auxilio. No obstante, en el caso de autos, nos vemos imposibilitados de atender los méritos del recurso por encontrarnos sin jurisdicción ante la presentación prematura de este.

Ahora bien, entendemos meritorio consignar que, en su comparecencia ante nos, la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación, centra su postura en que el recurso presentado es prematuro. Con ese enfoque, expresa que "surge del expediente" que la determinación recurrida se emitió con posterioridad a la presentación del presente recurso. Sin embargo, al revisar con detenimiento el recurso ante nos, surge claramente que el recurrente acude ante nos porque, transcurridos los términos reglamentarios aplicables para la emisión oportuna de la respuesta a su solicitud de remedio, la agencia administrativa falló en emitirla. De hecho, la Oficina del Procurador General de Puerto Rico tuvo que acudir ante esta Curia solicitando una prórroga de veinte (20) días adicionales porque dicho organismo incumplió con nuestra *Resolución* del 23 de octubre de 2023, en la cual solicitamos elevar una copia certificada del expediente administrativo en el caso de epígrafe en un término de diez (10) días.

La copia certificada del expediente administrativo en cuestión fue incluida como Anejo I en el *Escrito en Cumplimiento de Orden y Solicitud de Desestimación* de la parte recurrida. En la hoja de certificación, aparece un desglose de los documentos que obran en el mencionado expediente, específicamente en el área social. En particular, se certificó lo siguiente:

- Radicó Solicitud de Remedio Administrativo el 5 de junio de 2023.
- Se envía notificación al área concernida el 6 de junio de 2023.

- Se entrega recibo de copia codificada al miembro de la población correccional el 15 de junio de 2023.
- Se emite respuesta del área concernida el 9 de noviembre de 2023.
- Se recibe respuesta del área concernida el 9 de noviembre de 2023.
- Se hace entrega [de] respuesta del área concernida al miembro de la población correccional el 9 de noviembre de 2023.
- El miembro de la población correccional [n]o radica Solicitud de Reconsideración.

Cabe destacar que tanto la certificación del expediente como la respuesta a la *Solicitud de Remedio Administrativo* se emitieron dos (2) días después que fuera notificada nuestra *Resolución* del 6 de noviembre de 2023, mediante la cual concedimos la prórroga solicita por la parte recurrida para la presentación, tanto de su alegato, como de la copia certificada del expediente pertinente. Es decir, la agencia emitió la respuesta correspondiente a tres (3) o cuatro (4) meses aproximados desde que dicho petitorio fue sometido por el recurrente y recibido por la agencia. Ello, en exceso a los términos establecidos en el Reglamento Núm. 8583, *supra*.

Habiendo reconocido que estamos impedidos por disposición de ley de actuar sobre los méritos del presente recurso, en consideración al principio cardinal de proveer las condiciones para que los ciudadanos puedan obtener un mayor acceso a la justicia, resulta imprescindible proveer a las partes la información que sigue.

Como sabemos, la solicitud de remedio administrativo sirve para atender cualquier queja o agravio sobre asuntos relacionados al bienestar físico, mental, seguridad personal o el plan institucional de un miembro de la población correccional. Este proceso puede servir a la persona confinada para reclamar un derecho o privilegio concreto. En atención a ello, según esbozamos, el Reglamento Núm. 8583, *supra*, impone responsabilidades, tanto a los miembros de la población correccional, como a los funcionarios que intervienen en este procedimiento. Asimismo, el referido cuerpo reglamentario establece que todo funcionario que incurra en violación a las

normas establecidas en el citado reglamento podrá estar sujeto a la imposición de medidas disciplinarias.

Cuando el miembro de la población correccional radica su solicitud de remedio administrativo, la persona evaluadora asignada referirá dicho petitorio al funcionario pertinente en un término no mayor de quince (15) días laborables a partir del recibo de esta. Será obligación de dicho funcionario dar seguimiento a las áreas pertinentes para que le respondan sobre las alegaciones vertidas en la solicitud y poder cumplir con el referido término. Una vez la persona evaluadora recibe la información requerida, contestará y entregará por escrito la respuesta al miembro de la población correccional dentro del término de veinte (20) días laborables.

De no cumplirse con el término reglamentario para emitir respuesta a la solicitud de remedio, se emitirá una notificación de vencimiento al término reglamentario para que tome acción en siete (7) días laborables. De no recibirse la respuesta en el término dispuesto, se le enviará copia al Coordinador quien, a su vez, remitirá la copia al Jefe de Programas del Negociado de Instituciones Correccionales en Nivel Central. Este notificará al Director Regional por conducto del Secretario Auxiliar en Programas y Servicios sobre el incumplimiento del Reglamento. El incumplimiento de este Reglamento será notificado a la Secretaria del Departamento de Corrección y Rehabilitación, por conducto del Secretario Auxiliar en Programas de Servicios, para que actúe conforme al Manual de Medidas Disciplinarias para Empleados del Departamento de Corrección y Rehabilitación.

Si el miembro de la población correccional no estuviere de acuerdo con la respuesta emitida, podrá solicitar su revisión mediante un escrito de reconsideración presentado ante el Coordinador, dentro del término de veinte (20) días calendarios, contados a partir del recibo de la notificación de la respuesta. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la notificación de la resolución de reconsideración, emitida por el

Coordinador de Remedios Administrativos, o noventa (90) días a partir de la radicación de la solicitud de reconsideración acogida, si la agencia no actúa conforme a esta.

Por otro lado, la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación, indica en su comparecencia que el recurrente reiteró el petitorio que había realizado en su *Solicitud de Remedio Administrativo* y reduce el reclamo de este a que "[a]llí peticionó la bonificación por estudio por el trimestre en el que no pudo estudiar por presuntas razones ajenas a su voluntad".[3] Sin embargo, de una lectura de la *Solicitud de Remedio Administrativo*, así como del recurso ante nos, se desprende que fueron varios los reclamos presentados por el recurrente ante la agencia concerniente. Específicamente, la parte recurrente solicitó: (1) el cumplimiento con su plan institucional como confinado de custodia mínima; (2) la reinstalación de sus bonificaciones y ajustes que se vieron interrumpidos por su traslado; (3) los beneficios, privilegios y servicios que le corresponden por ser de custodia mínima; (4) una solución a la pérdida de su trabajo como barbero en la institución pasada; (5) una solución o alternativa concreta para reanudar los cursos conducentes a su grado asociado en ciencias en tecnología en ingeniería electrónica del trimestre académico que comenzó el pasado mes de agosto; (6) una bonificación por haber perdido los cursos del trimestre de enero 2023 a causa de su traslado y porque, según alegó, en la institución no querían mezclar a los confinados de custodia mínima con los de custodia mediana en los salones de clase.

En particular, la contestación al petitorio del recurrente que nos ocupa fue emitida por la técnica sociopenal, Torres Santiago, y reza como sigue:

> El 30 de agosto de 2023 el MPC fue evaluado por Caribbean University. El confinado no fue matriculado ya que [el] curso en el cual se encontraba matriculado en la Instituci[ó]n Ponce Principal (ingenier[í]a electr[ó]nica) no se encontraba disponible en ese momento. El mismo d[í]a[,] fue orientado por la Sra. Carmen N. Ortiz Gonz[á]lez (supervisora de la Unidad Sociopenal Ponce 1000) sobre lo antes expuesto.

---

[3] Véase, *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*, pág. 1.

Además, en una nota al pie de la página de dicha respuesta, se encuentra la siguiente advertencia para la funcionaria que emite la contestación: "Conteste en un término de quince (15) días laborables, según lo establece el Reglamento de Remedios Administrativos vigente".

De una breve y cuidadosa lectura de la citada respuesta que, eventualmente, la agencia recurrida emitió, surge con meridiana claridad que esta última no resuelve del todo las controversias o remedios solicitados. En la citada contestación, Torres Santiago simplemente informó que el recurrente presuntamente fue evaluado en agosto por la institución universitaria, que este no fue matriculado porque el curso no se encontraba disponible en ese momento y que, a su vez, fue orientado por la supervisora de la Unidad Sociopenal Ponce 1000. Sin embargo, ello no atiende los reclamos de la parte recurrente en su petitorio, pues no indican qué curso específico es el que no estaban impartiendo en la institución correccional en la que se encuentra el recurrente actualmente, ni a qué trimestre se refería. Tampoco ofrece contexto sobre la alegada evaluación que le hicieran a este en el mes de agosto, ni brinda alternativas para reponer el alegado trimestre perdido de enero 2023, así como el trimestre actualmente en curso. De la misma manera, la respuesta brindada por la agencia está huérfana de cualquier expresión relacionada con los planteamientos del recurrente sobre sus bonificaciones, ajustes, servicios, área laboral y plan institucional que, según sostiene, han sido interrumpidos y afectados desde su traslado a principios de este año.

Sabido es que la Ley de la Judicatura, *supra*, solo autoriza a este Foro intermedio revisar las **órdenes o resoluciones finales** emitidas por organismos o agencias administrativas. *Hernández Feliciano v. Mun. Quebradillas*, supra. Una orden o resolución se considera final cuando ha sido emitida por la última autoridad decisoria o adjudicativa del ente administrativo y **pone fin a la controversia ante la agencia, sin dejar asunto pendiente alguno**. *Bird Const. Corp. v. A.E.E.*, supra.

Por lo anterior, **el dictamen recurrido, aún se encuentra pendiente de adjudicación ante el Departamento de Corrección y Rehabilitación, el cual deberá regirse por los procedimientos, términos y responsabilidades dispuestos en el Reglamento Núm. 8583,** *supra*. En ese sentido, reiteramos que el reclamo del recurrente es prematuro, pues, no solo presentó en destiempo el presente recurso, sino que **la agencia aún no ha emitido una determinación final revisable por este Tribunal de Apelaciones, que atienda todos los reclamos del recurrente**.

Entendemos necesario reiterar que el inciso (1) de la Regla VIII del Reglamento Núm. 8583, *supra*, dispone que "[s]erá responsabilidad de todos los empleados del Departamento de Corrección y Rehabilitación, que tengan a su cargo la implantación u observación de este Reglamento, cumplir con las disposiciones del mismo". Aunque en el caso de autos ha pasado en exceso del término reglamentario aplicable sin que se haya emitido una **respuesta final** que atienda todos los reclamos presentados por el recurrente, conforme dispone el Reglamento Núm. 8583, *supra*, por carecer de autoridad para atender el recurso, solamente podemos decretar la desestimación de este. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012).

**IV**

Por los fundamentos que anteceden, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Notifíquese a las partes, al Procurador General y a la Secretaria del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones